**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STERLING EAGLE MORTGAGE INVESTMENT COMPANY, LLC, et al., | : CIVIL ACTION NO. 09-2126 (MLC) : : **MEMORANDUM OPINION** |
| Plaintiffs, | : |
| v. | : |
| FIRST COLLATERAL SERVICES, INC., | : |
| Defendant. | : |

**THE PLAINTIFFS**, Sterling Eagle Mortgage Investment Company, LLC ("Sterling"), G. Mark Loreto ("Loreto"), and Gary V. Hoyer ("Hoyer" and, with Sterling and Loreto, "plaintiffs"), brought this action against defendant, First Collateral Services, Inc. ("FCS"), on May 5, 2009, for a judgment declaring, inter alia, that certain arbitration clauses are unenforceable, and assert jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).[1]

---

[1] Plaintiffs seek relief in the form of a declaratory judgment. (See Compl. at 1-2, 10-11.)  However, plaintiffs are advised that the Declaratory Judgment Act, Section 2201, "does not and cannot serve as an independent basis for federal jurisdiction." TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).

**PLAINTIFFS** allege that Sterling is "a limited liability company incorporated under the laws of the Commonwealth of Virginia, with a principal place of business [in] West Trenton, New Jersey."  (Compl. at 2.)  Plaintiffs thus provide allegations as to Sterling's citizenship that are "meaningless."  Preferred Merch. Hood, LLC v. Fam. Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship).  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship.  Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003).  Thus, plaintiffs have not properly asserted Sterling's citizenship.

**PLAINTIFFS** assert – without more – that Loreto is "a resident of the State of New Jersey, residing [in] Lambertville, New Jersey."  (Compl. at 2.)  Plaintiffs also allege that Hoyer is "a resident of the State of New Jersey, residing [in] Lambertville, New Jersey."  (Id.)  Allegations as to where any

2

party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).

**PLAINTIFFS** also allege that FCS is "a corporation incorporated under the laws of the State of Delaware with a principal place of business located [in] Concord, California." (Compl. at 2.)  A corporation is deemed to be a citizen of the state in which it (1) is incorporated, and (2) has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  An allegation that a corporation has "a" – rather than "its" – principal place of business in a certain state is insufficient.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).  Plaintiffs thus have not properly asserted FCS's citizenship.

**PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to FCS.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants").  Thus, the Court will dismiss the Complaint, but will do so without prejudice to plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490

3

F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Thus, plaintiffs must properly demonstrate (1) Sterling's citizenship as it existed specifically on May 5, 2009, i.e., list and analyze each member within Sterling, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of Sterling's structure,[2] (2) Loreto's

---

[2] Plaintiffs, if moving to reopen, must refrain from asserting confidentiality for any member of Sterling.  See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible," as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary").

4

citizenship as it existed on May 5, 2009, e.g., list his home address with supporting documentation, (3) Hoyer's citizenship as it existed on May 5, 2009, e.g., list his home address with supporting documentation, (4) FCS's citizenship as it existed on May 5, 2009, e.g., list its state of incorporation and its principal place of business with supporting documentation, and (5) that there is jurisdiction under Section 1332.  Plaintiffs are further advised that they must specifically assert citizenship as it existed on May 5, 2009.

**PLAINTIFFS**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any member or party resides, is licensed, or has a place of business – as opposed to is a citizen or is domiciled – will not properly invoke the Court's jurisdiction.  See Cruz, 277 Fed.Appx. at 162; Guerrino, 423 F.2d at 421.  A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than Delaware or California") will be unacceptable. See Freedman, 180 Fed.Appx. at 320 (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving

diversity." CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

    **THE COURT** will issue an appropriate order and judgment.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: June 9, 2009